Filed 6/21/22  P. v. France CA1/4
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL FRANCE,<br><br>        Defendant and<br>        Appellant. | A158609<br><br>(Mendocino County<br>Super. Ct. Nos.<br>SCUKCRCR1894426,<br>SCUKCRPA1932313) |

Defendant Michael France pled guilty to one count of being a felon in possession of a firearm and admitted one allegation that he had served a prior prison term.  In exchange, the prosecution dismissed two strikes and two prior prison term allegations.  In accordance with the plea agreement, the trial court sentenced France to four years in prison, consisting of three years for the gun charge and one year for the enhancement, but suspended execution of the sentence and placed him on probation for three years.  When the trial court later found that France had violated the terms of his probation, it ordered France to serve the previously suspended sentence.

France appealed, contending that Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136), enacted after he filed his notice of appeal, entitled him to have the one-year prior prison term enhancement stricken with no other changes to his negotiated sentence. In an earlier opinion, we agreed and held that the judgment should be modified as France requested. (*People v. France* (2020) 58 Cal.App.5th 714, review granted Mar. 10, 2021, S266771, cause transferred Apr. 20, 2022.) The Supreme Court granted review of that decision, then transferred it back to us with instructions to vacate and reconsider it in light of the recent enactment of Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).

Pursuant to the Supreme Court's instructions, we vacate our prior opinion. After reconsidering the matter in light of Senate Bill 483, we conclude that the one-year prior prison term enhancement is invalid, but the trial court must resentence France and determine whether his total sentence must be reduced.

## BACKGROUND

In 2018, France was charged with one count of being a felon in possession of a firearm in violation of Penal Code section 29800, subdivision (a)(1); two prior strike allegations under Penal Code sections 1170.12 and 667; and three enhancements under Penal Code section 667.5, subdivision (b) for having served prior prison terms.[1] In June 2019, France pled guilty to the charge and one of the prior prison term enhancements; he waived his

---

[1] Undesignated statutory references are to the Penal Code.

2

entitlement to 403 days of custody credits in exchange for dismissal of the rest of the enhancements and strike allegations. France stipulated to a sentence of three years in prison for the charge and one year for the section 667.5, subdivision (b) enhancement. However, the plea deal also specified that execution of the sentence would be suspended and France would be placed on three years of probation. The trial court sentenced France in accordance with the plea agreement.

In August 2019, a probation officer filed a petition alleging that France had violated the terms of his probation by committing misdemeanor domestic battery under section 243, subdivision (e)(1). After a contested hearing, the trial court found that France had violated his probation. In September 2019, the trial court lifted the stay of the previously-imposed suspended sentence and ordered France committed to state prison for four years.[2]

France appealed, and in an earlier opinion we agreed with him that the judgment should be modified by striking the one-year enhancement but leaving the rest of his sentence unchanged. (*People v. France, supra*, 58 Cal.App.5th 714, review granted Mar. 10, 2021, S266771, cause transferred Apr. 20, 2022.) The Supreme Court granted review of that decision. (*Ibid*.) After the Legislature enacted Senate Bill 483, the

---

[2] The trial court also found that France had violated his parole from another case and imposed a 180-day concurrent sentence. France appealed from that ruling as well, but his briefing does not address the parole violation so we will not discuss it further.

Supreme Court transferred the case back to us with instructions to vacate our prior opinion and reconsider it in light of the intervening enactment of Senate Bill 483. (*Ibid.*)

## DISCUSSION

When the trial court originally accepted France's plea and imposed the four-year sentence with execution of the sentence suspended, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (§ 667.5, subd. (b).) Courts nevertheless had discretion to strike that enhancement pursuant to section 1385, subdivision (a). [Citation.] Effective as of January 1, 2020, Senate Bill 136 amend[ed] section 667.5, subdivision (b) to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

In his original briefing, France contended he was entitled to the benefit of Senate Bill 136, which took effect while his appeal was first pending in this court. The People countered that Senate Bill 136's changes did not apply to France because his conviction was final but even if they did, the proper remedy was to strike the one-year enhancement and allow the People on remand to choose whether to accept the lower sentence or abandon the plea bargain. These arguments and our resolution of them in our original opinion turned on careful readings of

4

Senate Bill 136 and various Supreme Court precedents. (See *People v. France, supra,* 58 Cal.App.5th 714, review granted Mar. 10, 2021, S266771, cause transferred Apr. 20, 2022.) It is no longer necessary to discuss these in detail. In Senate Bill 483, the Legislature made Senate Bill 136's changes fully retroactive for all incarcerated individuals and clarified how those changes should apply.

Senate Bill 483 contains an uncodified declaration of the Legislature's intent, which states, "The Legislature finds and declares that in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply Senate Bill 180 of the 2017–18 Regular Session and Senate Bill 136 of the 2019–20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) To that end, Senate Bill 483 added section 1171.1 to the Penal Code, subdivision (a) of which declares, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."[3]

---

[3] Senate Bill 483 also added section 1171 to the Penal Code, which makes Senate Bill No. 180 (Stats. 2017, ch. 677, § 1) retroactive. (Stats. 2021, ch. 728, § 2.) Section 1171 makes invalid "any sentence enhancement that was imposed prior to January 1, 2018, pursuant to Section 11370.2 of the Health and Safety Code, except for any enhancement imposed for a prior conviction of violating or conspiring to violate Section 11380 of

The rest of section 1171.1 is devoted to creating a resentencing procedure for incarcerated individuals whose term includes an enhancement covered by subdivision (a). Section 1171.1, subdivision (b) requires the Department of Corrections and Rehabilitation to notify the courts of anyone that it determines is "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" of the statute. If the sentencing court agrees with the department's determination, "the court shall recall the sentence and resentence the defendant." (§ 1171.1, subd. (c).) Subdivision (d)(1) mandates, "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1171.1, subd. (d)(1).) Subdivision (d)(2) requires the resentencing court to apply all rules or changes in the law that reduce sentences or allow for judicial discretion. (§ 1171.1, subd. (d)(2).) Subdivision (d)(3) allows the court to consider evidence post-dating the conviction, such as evidence of the incarcerated individual's disciplinary record and evidence of rehabilitation or changed circumstances. (§ 1171.1, subd. (d)(3).) Subdivision (d)(4) states, "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the

_____

the Health and Safety Code." (§ 1171, subd. (a).) Section 1171 is not at issue here.

6

middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1171.1, subd. (d)(4).)

The parties previously disagreed over whether France's conviction was final for the purposes of retroactively applying Senate Bill 136 under *In re Estrada* (1965) 63 Cal.2d 740. We previously concluded France's sentence was not final for these purposes, but this issue is now moot because finality is not a bar to relief under section 1171.1. In fact, section 1171.1, subdivision (c)'s reference to recalling the sentence and resentencing a defendant could be read to suggest that the Legislature intended section 1171.1 to apply only to final convictions. But we see no reason not to apply the Legislature's resentencing mechanism to defendants like France, regardless of whether his conviction is final, since it provides an orderly mechanism for the difficult process of retroactively applying changes in the law like Senate Bill 136. Moreover, neither France nor the People filed a supplemental brief upon the Supreme Court's transfer of this case back to us, which we treat as a joint concession that the statute applies to France.

When considered in light of the uncodified declaration of intent, section 1171.1, subdivision (a) leaves no doubt that the enhancement to France's sentence under section 667.5, subdivision (b) is invalid. The conviction underlying the prior

7

prison term enhancement that France admitted was for attempting to threaten or dissuade a witness in violation of section 136.1, subd. (a)(2), which is not listed in Welfare and Institutions Code section 6600, subdivision (b). France is therefore entitled to resentencing under section 1171.1, subdivision (c).

France and the People also previously disagreed over the proper scope of relief if France were entitled to resentencing. The People argued that they were entitled to either accept the original sentence without the one-year enhancement or abandon the plea agreement and reinstate the original charges against France. By contrast, France argued he was entitled to have the enhancement stricken without changing any other aspect of his sentence. Senate Bill 483 addresses this issue as well.

In addition to declaring the Legislature's intent that Senate Bill 136 operate retroactively, uncodified section 1 in Senate Bill 483 states, "It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.) The legislative history of the bill expands slightly on this statement of intent. One Senate committee report added that the intended retroactive effect of Senate Bill 136 to guilty plea cases "would include those in which there may have been a negotiated disposition." (Assem. Com. on Public Safety, Rep. on Senate Bill 483 (2021–2022 Reg. Sess.) July 12, 2021, p. 4.) The same report elaborates on this intent by discussing *Doe v. Harris* (2013) 57 Cal.4th 64 and its holding that

8

the Legislature has the authority to apply retroactive changes in the law without violating plea agreements. (Assem. Com. on Public Safety, Rep. on Senate Bill 483 (2021–2022 Reg. Sess.), at p. 4.) Section 1171.1, subdivision (d) declares that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." Subdivision (d)(2) further establishes that resentencing "shall not result in a longer sentence than the one originally imposed." (§ 1171.1, subd. (d)(2).)

In light of these provisions of Senate Bill 483, the People's argument is not tenable. It is now clear that France's enhancement is no longer valid, and the People are not allowed to abandon the plea agreement to reinstate the charges against France. Even if the Legislature must make an explicit reference to pleas or plea bargaining before a retroactive change in the law will modify a plea-bargained sentence, as the People previously argued, the Legislature did just that with Senate Bill 483's uncodified declaration of intent. The Assembly committee's discussion of negotiated dispositions and *Doe v. Harris* leaves no doubt that the Legislature intended to make such enhancements invalid even when they were imposed pursuant to plea bargained convictions, including those like France's that involve a negotiated sentence.

However, we cannot say that invalidation of the one-year enhancement under section 667.5, subdivision (b) will necessarily

9

result in a lower total sentence, as we had previously held. That is because section 1171.1, subdivision (d)(1) provides that although there is now a presumption that France should receive a lower sentence, the People can rebut that presumption by showing "by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1171.1, subd. (d)(1).) We will therefore remand for resentencing to allow the trial court to address this issue.

## DISPOSITION

The matter is remanded to the trial court for further proceedings pursuant to section 1171.1.

BROWN, J.

WE CONCUR:

POLLAK, P. J.
NADLER, J.*

*People v. France* (A158609)

---

\* Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.